

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUDY SUMRALL                                                          PLAINTIFF

VERSUS                                        CIVIL ACTION NO: 1:03cv905WJG-JMR

THE BOEING COMPANY                                                   DEFENDANT

<u>MEMORANDUM OPINION</u>

This cause comes before the Court on the motion of the Defendant, The Boeing Company

[Boeing] for summary judgment [32-1] pursuant to Federal Rule of Civil Procedure 56(c).  The

Court, being fully advised in the premises and having examined the briefs and record in this case,

finds as follows.

<u>Statement of Facts</u>

Judy Sumrall, a Caucasian female, was terminated from Boeing due to a reduction in

force on March 8, 2002.  (Ct. R., Doc. 1, p. 2.)  Sumrall argues that she was terminated because

of her gender and age, and in retaliation for her complaints about the discriminatory conduct in

the workplace.  (*Id.*)  She contends that she was qualified for the position she held, and was

equally qualified for the customer service positions given to two younger individuals.  (*Id.*)  She

asserts that she was the only female employed as an electronics instrumentation technician, and

the only employee in her department to be laid off.  (*Id.*)  She claims that she was paid less,

received lower pay-raises and not promoted at the same rate as similarly situated male

counterparts.  (*Id.*, p. 3.)  She asserts that she was subjected to gender based harassment and

ridicule from her male co-workers and that her complaints about her treatment were ignored by

management.  (*Id.*)  She contends that the harassment only increased after her complaints.  (*Id.*)

Sumrall filed her charge of discrimination with the Equal Employment Opportunity

Commission [EEOC] on March 22, 2002, charging Boeing with discrimination based on gender,

age and retaliation.  (Ct. R., Doc. 38, Exh. B.)  She received her right to sue letter on August 28,

2003.  (Ct. R., Doc. 1, Exh. A.)  Sumrall filed a charge of discrimination on March 25, 2002,

claiming that she was laid off solely because of her gender and for making sexual harassment

complaints to various levels of management.  (Ct. R., Doc. 38, Exh. G.)  She claims she was not

given raises like similarly situated males and that she was not promoted based on her gender.

(*Id.*)  She alleges that she was harassed and given demeaning job assignments.  (*Id.*, Exh. C, p.

9.)  She claims she was hollered at by co-employees; pushed around by co-employee Coogan and

had a chair pushed at her by co-employee Victor Hopson.  (*Id.*, Exh C, pp. 75-6.)

She claims to have lost wages and other benefits of employment, and to have suffered

extreme emotional distress and mental anguish as a result of her termination.  (*Id.*)  She also

claims that Boeing actions were intentional, wanton and reckless to merit an award of punitive

damages.  (*Id.*, p. 4.)  She seeks reinstatement to her employment, back and front pay, the

removal of any and all adverse information from her employment records, and attorneys fees as a

result of the alleged discriminatory acts.  (*Id.*, pp. 4-5.)

Rockwell International [Rockwell], Boeing's predecessor, hired Sumrall on January 19,

1987, as a propulsion systems electronic test mechanic paying $10.00 per hour.  (Summ. J. Mot.,

Exh. E, pp. 19-20.)  In 1996, Boeing bought Rockwell.  (*Id.*, Exh. D, p. 4.)  Sumrall served as

acting lead in her department in 1998, but was not promoted in 1999; the position instead was

offered to a male employee, Prentiss Carte.  (*Id.*, Exh. E, pp. 20-21, 42-3.)  Promotions were

made in November 1999 to certain employees, and when Sumrall did not receive one of these

promotions she contacted Aileen "Yvonne" Vargas, project manager for employee relations and

diversity at Boeing in Canoga Park, California on December 30, 1999, alleging that she was the

victim of discrimination for the past four years.  (*Id.*, p. 68.)  Sumrall complained that she was

not allowed to advance in her job, she was paid less than her peers, that her co-workers were

nosey, followed her and that she did not get along with them.  (*Id.*, pp. 42-3, 50, 54-8, 68.)

Vargas conducted an investigation of Sumrall's complaints, and issued her findings on February

29, 2000.  (*Id.*, Exh. J.)

Vargas found that Sumrall was paid in the lower quarter of the salary range as compared

to her male peers.  (*Id.*)  She found that the process of reclassifying technicians which occurred in

1999 had some elements of subjectivity which could raise fairness issues for any employee.  (*Id.*)

Accordingly, the company conducted a review of the November 1999 promotions.  (*Id.*)

As a result of the investigation, Gary Joraanstad, the human resource manager, met with

Sumrall telling her she was included in the review and that she was potentially eligible for a

promotion retroactive to November 6, 1999.  (*Id.*, Exh. K.)  Sumrall received the promotion;

however, she contacted Vargas again on May 25, 2000, complaining that her supervisor, Walter

McCann, commented that she was lazy and made sarcastic remarks about her in front of others.

(*Id.*, Exh. L.)  When Sumrall continued to complained, Vargas suggested that Sumrall utilize the

Employee Assistance Program [EAP] to resolve the situation.  (*Id.*, Exh. N.)  Over the ensuing

months, Sumrall continued to discuss her complaints to Vargas and Joraanstad concerning her

job position and co-workers.  (*Id.*, Exhs. P-T.)  Sumrall and other employees received a lump

sum payment following an investigation by the Department of Justice into wages at the site. (*Id.*, Exh. E, pp. 61-2.)

The investigation into Sumrall's complaints continued through August-December 2000. At the conclusion of this investigation, Vargas prepared an Employee Relations Summary of the efforts to assist Sumrall with her employment issues. (*Id.*, Exhs. Q-Z.) Sumrall contacted Vargas in January 2001, to complain about her evaluation. (*Id.*, Exhs. AA-BB.) This impelled Vargas to contact the company physician about a possible mandatory intervention using the EAP, out of concern for Sumrall's health; however, the referral was determined to be unnecessary. (*Id.*, Exh. GG.)

Sumrall again complained to Vargas in July 2001 about Coogan. (*Id.*, Exh. HH.) Coogan supposedly accused Sumrall of not performing her job effectively and complained to management about her job performance. (*Id.*) After Boeing learned there would be reductions in funding for fiscal year 2002, Sumrall claims that Coogan harassed her about the impending layoffs by printing the procedures and leaving them on her toolbox. (*Id.*, Exh. C, pp. 74-5.)

Instrumentation technicians such as Sumrall were slated to be cut, and the company prepared the Space and Communications Layoff Selection Process to determine which employees would be subject to lay-off. (*Id.*, Exh. KK.) Seven male employees in Sumrall's department were also chosen for lay-off under the process: Glenn Bass; Robert Craft; Gary Hampton; Robert Herrin; Andrew Jackson; Clarence McKay; Jimmy Meitzler and Robert Schleuter. (*Id.*, Exhs. NN-UU.) Because Sumrall received the lowest score of the instrumentation technicians based on qualifications, she also was chosen for lay-off. (*Id.*, Exh. MM.)

4

Boeing contends the Court lacks jurisdiction over Sumrall's ADEA (Age Discrimination in Employment Act) claim because she has failed to exhaust her administrative remedies. (*Id.*, p. 9.) Boeing asserts that a plaintiff's lawsuit can only encompass the discrimination stated in the charge itself or developed in the course of a reasonable EEOC investigation. (*Id.*, p. 10.) Sumrall's charge of discrimination indicating "age" as one of the reasons for her complaint provided no factual basis for her charge of age discrimination; and her affidavit asserts that she was discriminated against solely on the basis of her gender and in retaliation for filing sexual harassment complaints. Thus Boeing asserts that she cannot claim age as a reason for her discrimination. When the EEOC notified Boeing of Sumrall's charge of discrimination on March 27, 2002, however, the ADEA was marked as an area of alleged discrimination. (Ct. R., Doc. 38, Exh. BB.)

Boeing asserts Sumrall's claim that she should have been promoted on September 22, 2001, is time barred because she did not file her EEOC complaint within 180 days of the alleged illegal conduct. (*Id.*, p. 11.) Boeing asserts that Sumrall cannot establish that any of the promotions were discriminatory, as she did not show that she was clearly better qualified than the male who was promoted ahead of her. (*Id.*, pp. 11-12.)

Boeing maintains that Sumrall cannot show she was a victim of sexual/gender harassment. (*Id.*, p. 12.) Assertions that she was subjected to gender harassment because co-workers moved her chair; hollered at her; disliked her or picked on her are not ultimate employment decisions which should be addressed by a lawsuit. (*Id.*, p. 13.) Boeing maintains that the offending behavior described by Sumrall was not based on her gender. Boeing asserts

that Sumrall testified that Coogan was jealous of her and that Hopson lost his temper because of being under stress. (*Id.*, Exh D, pp. 68-9.)

Sumrall further cannot show she was laid off because of her gender or in retaliation for engaging in protected activity, according to Boeing. (*Id.*, p. 15.) Boeing maintains that Sumrall's lay-off was because NASA reduced Boeing's budget in fiscal year 2002. (*Id.*, p. 17.) The procedures for the lay-off were published in December 2001, and Sumrall scored the lowest in her department when those procedures were followed. (*Id.*) There was no evidence presented that any action was taken against Sumrall because of her gender; Sumrall was terminated in an effort to save money without reference to her gender; and Sumrall offers no proof to rebut this information. (*Id.*)

Boeing further contends that Sumrall cannot establish discrimination based on disparate pay either. (*Id.*, p. 17.) Sumrall could not identify any similarly situated male who received different pay than she did. (*Id.*) She has not established that Boeing acted with malice or reckless indifference to Sumrall's rights. Boeing contends that every effort was made to address Sumrall's concerns about her job. (*Id.*, p. 18.) Accordingly, Boeing contends that Sumrall cannot maintain a punitive damage claim in this case. (*Id.*)

Sumrall asserts that three months before she filed her EEOC charge, Donnie Walters, a 53 year-old-male, was promoted to a lead man position without posting for the position. (Pl.'s Resp., p. 2.) She claims she was not considered for the promotion, even though she had previously worked as a lead man. (*Id.*) Boeing presented evidence that Walters had acted in the lead capacity since November 26, 1988. (Def.'s Reb., Exh. A.) Sumrall testified that Walters held the lead position from 2000 on in her deposition. (Ct. R., Doc. 32, Exh. E, p. 42.) Boeing

6

states that Sumrall cannot show that a promotion to lead position was made within 180 days of her EEOC charge file date of March 22, 2002. (Def.'s Reb., p. 5.)

Sumrall avers that the Court has jurisdiction over her age claims because Boeing was placed on notice that she was alleging age discrimination. (Pl.'s Resp., p. 4.) She claims that Joraanstad responded to the EEOC by indicating that Sumrall was alleging age discrimination. (*Id.*, Exh. AA, p. 1.) She claims that 19 of the 31 people not laid off in her department were younger than she, and that 13 of them had fewer years of service than she. (*Id.*, p. 5.) She asserts that she is not legally required to offer more than merely checking the box in her discrimination charge to put her employer on notice of her claim of age discrimination, and maintains that she exhausted her administrative remedies regarding her claims of age discrimination. (*Id.*, p. 6.)

Sumrall further alleges that she was discriminated against when she was not promoted into the position awarded to Walters. (*Id.*, p. 7.) She claims that the failure to promote happened within 180 days of the filing of her discrimination charge and that the 1999 failure to promote serves as background indicating a pattern and practice of discrimination against her. (*Id.*)

Boeing argues that the evidence that seven male employees in Sumrall's department were laid off at the same time shows that Sumrall's gender was not the reason she was let go. (Def.'s Reb., p. 8; Summ. J. Mot., Exh. MM.) Boeing maintains that its funding was cut in fiscal year 2002, and that eight positions had to be eliminated due to the cut. (*Id.*, p. 10.) After utilizing the company layoff selection process eight individuals were laid off. (Summ. J. Mot., Exhs. KK, MM.) Boeing asserts that merely because Sumrall disagreed with Boeing's assessment of her job performance, there is no demonstration that any discriminatory or retaliatory motive was behind the lay-off decision. (Def.'s Reb., p. 10.)

7

Boeing asserts that Sumrall's 1999 evaluation outlined the need for her to improve her ability to work with co-workers; to learn more about new control systems and existing systems such as the high-speed camera systems, among others.  (Def.'s Reb., Exh. C.)  She was also provided feedback on her 2001 evaluation to improve areas such as communication with co-workers; team goal participation; and continued advancement in technical capabilities, among others.  (*Id.*, Exh. D.)

Boeing contends that Sumrall's pay was significantly increased in July 2000 following an internal finding on February 29, 2000, that she was being paid in the lower quarter of the salary range.  (Ct. R., Doc. 32, Exh. E, pp. 63-4.)  There is nothing to indicate that the pay discrepancies, which Sumrall admitted involved other individuals besides herself, were based on Sumrall's gender, according to Boeing.  (Def.'s Reb., p. 13, Exh. B, pp. 61-2.)

Discussion

I.      <u>Timeliness of the Promotion Claim</u>

Boeing contends that Sumrall's claim of discrimination relating to Carte's promotion in 1999 is outside of the time limitation and should be dismissed on summary judgment.  (Summ. J. Mot., p. 11.)  Sumrall asserts that her failure to promote claim was timely filed because it was made a mere three months following the promotion of Walters to the lead-man position.  (Pl.'s Resp., p. 7.)

Under 42 U.S.C. § 2000e-5(e), a Plaintiff must file a charge with the EEOC within 180 days of the alleged unlawful employment practice.  The 180-day requirement for filing of the EEOC complaint acts like a statute of limitations, because if a charge is not filed  with the EEOC within the 180 days, a civil action is barred in federal court. *Zipes v. Trans World Airlines*, 455

8

U.S. 385, 392-8 (1982).  The 180-day time period begins at the time the individual either knew or should have known that the challenged act occurred.  *Merrill v. Southern Methodist Univ.*, 806 F.2d 600, 605 (5th Cir. 1986).  Because Boeing's motion only addresses any contentions about Carte's promotion, the Court finds that the motion should be granted on any claims related to Carte's promotion.  The Court further finds that any assertions advanced regarding promotions within the 180-day time limit will be addressed below.

II.     Failure to Exhaust and ADEA Claim

Courts have no jurisdiction to consider title VII claims which include claims where the aggrieved party has not exhausted administrative remedies.  *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 711 (5th Cir. 1994) (citing *Tolbert v. United States,* 916 F.2d 245, 247-8 (5th Cir. 1990) (*per curiam*)).  One of the central purposes of the charge is to put the employer on notice of the existence and nature of the charges.  *Manning v. Chevron Chem. Co.,* 332 F.3d 874, 878-9 (5th Cir. 2003); *reh'g & reh'g en banc denied*, 2003 WL 21785385 & *cert. denied* 540 U.S. 1107 (2004).

Boeing contends that Sumrall's age discrimination claim should be dismissed for her failure to exhaust administrative remedies.  (Summ. J. Mot., p. 9.)  According to Boeing, although Sumrall's charge of discrimination has checked the box for age discrimination, there is nothing in the factual statement to elaborate on that claim.  (*Id.*, pp. 10-11; Exh. B.)  In her explanation, Sumrall states that her "employer's legitimate reason for my lay-off is pre-textual for gender and age discrimination."  (*Id.*, Exh. B and its Exh. A, p. 3.)  In addition, the notice sent by the EEOC informing Boeing of Sumrall's charge of discrimination included age discrimination as one of the charges.  (Ct. R., Doc. 38, Exh. BB.)

Boeing's response to Sumrall's charge of discrimination acknowledges age as one of the reasons listed in her discrimination charge. (*Id.*, Exh. AA.) The Court concludes that the EEOC charge was sufficiently detailed to allow Boeing the opportunity to investigate her charge of age discrimination. The Court further concludes that the motion for summary judgment on Sumrall's ADEA claim based on an alleged failure to exhaust administrative remedies should be denied.

To maintain her claim for age discrimination, Sumrall must establish a *prima facie* case; then Boeing may articulate a legitimate, nondiscriminatory reason for its action; and finally, if the parties satisfy their initial burdens, the case reaches the "pretext stage" and Sumrall must bring forth sufficient evidence to permit a reasonable trier of fact to find pretext or intentional discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-4 (1973) (Title VII race discrimination claim); *Price v. Marathon Cheese Corp.,* 119 F.3d 330, 336 (5th Cir. 1997) (applying *McDonnell Douglas* framework to ADEA claims). In reduction in force cases, a Plaintiff must show the following elements:  (1) that she is within the protected age group; (2) she has been adversely affected by the employer's decision; (3) she was qualified to assume another position at the time of the discharge; and (4) evidence, circumstantial or direct, from which a fact finder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue. *Nichols v. Loral Vought Sys. Corp.,* 81 F.3d 38, 41 (5th Cir. 1996).

Sumrall was within the protected age group, was adversely affected by the decision and was qualified to assume another position at the time of her discharge based on her prior experience. To conclude that Boeing intended to discriminate against her based on her age is difficult, especially when the person who took the lead position was older than Sumrall; Walters

10

was 53 years old.  (Pl.'s Resp., p. 7.)  Furthermore, Boeing has shown that a reduction in force

was necessitated by budgetary constrictions, a legitimate nondiscriminatory reason for the lay-

off.

The burden then shifts to Sumrall to establish pretext, because she has the ultimate

burden of persuasion in proving intentional discrimination and must prove that age "actually

played a role in" and "had a determinative influence on" the employer's decision-making process.

*Armendariz  v. Pinkerton Tobacco Co.*, 58 F.3d 144, 149 (5th Cir. 1995), *cert. denied* 516 U.S.

1047 (1996).  Sumrall was a member of the protected class, but she does not present summary

judgment evidence which would indicate that her position was given to someone who was not a

member of the protected class.  *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 384 (5th Cir.

2003), *reh'g & reh'g en banc denied*, 73 Fed. App. 85 (June 19, 2003).  In summary, the Court

concludes that Sumrall has failed to establish that her age had any bearing on the elimination of

her position with Boeing.  The Court further finds that the motion for summary judgment on her

ADEA claims should be granted.

III.     Claims Under Title VII

A.     Gender Discrimination

Sumrall contends that she was a victim of gender discrimination, which bears the

following elements of proof:  (1) she was a member of a protected class (female); (2) she was

qualified for the position; (3) she was discharged or was otherwise subject to a negative

employment action; and (4) she was replaced by someone who is not within the protected class or

that she was otherwise discharged because of her sex.  *See Ward v. Bechtel Corp.*, 102 F.3d 199,

202 (5th Cir.1997); *Bennett v. Total Minatome Corp.*, 138 F.3d 1053, 1060 (5th Cir. 1998).

11

Should she present a *prima facie* case of gender discrimination, the burden shifts to Boeing to rebut her case by demonstrating a "legitimate, nondiscriminatory justification for its actions." *Manning*, 332 F.3d at 882. If the defendant satisfies this burden, the inference of discrimination raised by the *prima facie* case drops from the case and the plaintiff must prove that the proffered reason is mere pretext for discrimination and must create a reasonable inference that her sex was a determinative factor in lay-off. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999). If she cannot meet this burden, summary judgment is appropriately granted.

Sumrall must show that her gender played an actual role in the employer's decision-making process and had a "determinative influence on the outcome." *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996) (*en banc*) (ADEA case). An employee's sincere subjective belief of discrimination cannot provide a plaintiff's sole support for judicial relief. *Portis v. First Nat. Bank of New Albany, Miss.*, 34 F.3d 325, 329 (5th Cir. 1994) *as amended on denial of reh'g* (Nov. 10, 1994); *see Nichols v. Loral Vought Sys.*, 81 F.3d 38, 42 (5th Cir. 1996). There is no question that Sumrall is a member of a protected class and that she was adversely affected by her termination. Sumrall's proof is lacking regarding the fourth prong, however, as she has not presented evidence that she was terminated because of her gender. Sumrall has not come forward with evidence to establish that her gender had any influence whatsoever on the decisions made in connection with the reduction in force. The Court concludes that Sumrall has not shown that her gender played an actual role in the employer's decision-making process and had a "determinative influence on the outcome." *Rhodes*, 75 F.3d at 994.

Any information concerning comments made by Coogan or actions taken by him toward Sumrall, assuming her allegations are true, fail to establish her claim that she was discriminated

against because of her gender.  The statements offered by Sumrall fail because Coogan was not responsible, primarily or otherwise, for her lay-off.  Remarks may bear a sufficient causal connection to the employment decision if the speaker has such influence over the decision maker that his animus properly may be imputed to the decision maker.  *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 226-7 (5th Cir. 2000) (citing *Haas v. ADVO Sys., Inc.*, 168 F.3d 732, 734 n.1 (5th Cir. 1999)).  The decision here, however, was based in part on principles of agency. *Long v. Eastfield College*, 88 F.3d 300, 306 (5th Cir. 1996).  Coogan was a co-worker with no influence on ultimate employment decisions of any description, including lay-offs.  Accordingly, the Court concludes that no evidence of gender discrimination on the part of Boeing is shown by Sumrall's contentions regarding alleged discriminatory actions by her co-worker.

Boeing has shown that Sumrall was terminated due to a reduction in work force in accordance with company procedures.  The Court finds that Boeing met the burden of producing a non-discriminatory reason for Sumrall's employment separation.  The burden in this regard "is one of production, not persuasion . . . [and] can involve no credibility assessment."  *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 141-2 (2000).  Sumrall must meet her burden of showing that the Defendant's explanation was merely a pretext for the actual reason she was released, allegedly gender discrimination.

Although an employee may disagree with an employer's decisions, the Court is not in the position to "second guess" those decisions without evidence that an individual's gender was a determining factor in the end result.  *See Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503 (5th Cir. 1988).  A plaintiff's sincere subjective beliefs of discriminatory intent behind her

employer's employment decisions, without more, is not sufficient to establish a material question of fact regarding the motives for her discharge. *Shackelford*, 190 F.3d at 408.

Sumrall offers no evidence, other than her claims of harassment by a co-worker and assertions that she was somehow better qualified for a promotion to show that the reason was a pretext for discrimination. In addition, Boeing has shown that it followed established procedures in determining which employees would be laid off. *See Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 652 (5th Cir. 2004). The Court, therefore, concludes that Boeing's motion for summary judgment on any claims of gender discrimination under Title VII should be granted.

B.     Retaliation Claim

Title VII provides in relevant part that "it shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [s]he has made a charge . . . under this subchapter." 42 U.S.C. § 2000e-3(a). A retaliation claim has three elements: (1) the employee engaged in activity protected by title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action. *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002). A title VII plaintiff may recover only if the challenged employment decision rises to the level of an "adverse employment action or must materially affect the terms and conditions of employment." *Mattern v. Eastman Kodak Co.*, 104 F.3d 702 (5th Cir. 1997). This is true for both discrimination and retaliation claims. *Barrow v. New Orleans S.S. Ass'n,* 10 F.3d 292, 298 (5th Cir. 1994). An adverse employment action includes such things as discharge, demotion, refusal to hire, refusal to promote, reprimand, or acts of sabotage by employees against other

employees, either condoned or directed by an employer for the purpose of establishing cause for discharge. *Mattern,* 104 F.3d at 707.

An informal oral complaint may also constitute protected activity. *See Pipkins v. City of Temple Terrace, Fl.,* 267 F.3d 1197, 1201 (11th Cir. 2001). "Close timing between an employee's protected activity and an adverse action against [her] may provide the 'causal connection' required to make out a *prima facie* case of retaliation." *Swanson v. Gen. Servs. Admin,* 110 F.3d 1180, 1188 (5th Cir. 1997); *Evans v. City of Houston,* 246 F.3d 344, 354 (5th Cir. 2001). To demonstrate causation, an employee must show that "but for" the protected activity, the adverse employment action would not have taken place. *Seaman v. CSPH, Inc.,* 179 F.3d 297, 301 (5th Cir. 1999). Sumrall must substantiate her claims of pretext and demonstrate that discrimination was behind her lay-off. *See Walton v. Bisco Indus., Inc.,* 119 F.3d 368 (5th Cir. 1997). Sumrall cannot rely on her allegations that people in management were ill disposed toward her when an alleged adverse decision was made and speculate that protected activities contributed to this disposition. *Reeves,* 530 U.S. at 141.; *see Septimus v. University of Houston,* 399 F.3d 601 (5th Cir. 2005), *reh'g & reh'g en banc denied,* ___ F.3d ___ (March 2, 2005) (affirming summary judgment against Title VII retaliation plaintiff, where plaintiff alleged decision maker's knowledge of recent protected activities along with "ongoing harassment" from another manager, and merely speculated that retaliation played a role in decision).

Sumrall has not brought forward any evidence that her lay-off was connected to her complaints about workplace disparities, in fact, the record shows that Boeing made every effort to resolve Sumrall's concerns, often to her benefit. (Ct. R., Doc. 32, Exhs. J-P.) None of those instances results in adverse actions taken against Sumrall. Sumrall must meet her burden of

showing evidence of discrimination; mere allegations of such will not suffice.  *White v. FCI USA, Inc.*, 319 F.3d 672, 677 (5th Cir. 2003); *Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 555 (5th Cir. 1997).  The Court, therefore, concludes that Boeing is entitled to summary judgment on Sumrall's claims of retaliation.

     C.    <u>Failure to Promote</u>

       To establish a *prima facie* case of discrimination in the context of a failure to promote, the plaintiff must show the following:  (1) she is a member of a protected class; (2) was not promoted; (3) was qualified for the position; and (4) either the position was filled by someone outside the protected class, or she was not promoted because of her gender.  *See Rutherford v. Harris County, Tex.*, 197 F.3d 173, 179 (5th Cir. 1999).  The *prima facie* case, once established, raises a presumption of discrimination, which the defendant must rebut by articulating a legitimate, nondiscriminatory reason for its actions.  *Sreeram v. Lousiana State Univ.*, 188 F.3d 314, 318 (5th Cir.1999); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 525 (1993).  If the defendant satisfies this burden, the inference of discrimination raised by the *prima facie* case is negated and the plaintiff must prove that the reason is merely a pretext for discrimination and must create a reasonable inference that gender was a determinative factor in the decision not to promote her.  *Krystek v. University of S. Miss.*, 164 F.3d 251, 256 (5th Cir. 1999).  If she cannot meet this burden, summary judgment is appropriately granted.

       There is no question that Sumrall is a member of a protected class.  She established that she was qualified for a promotion and that the position was filled by someone outside the protected class.  Sumrall contends that the position was not advertised or publicized.  In instances when the position is not publicized, an employee is not required to establish a *prima facie* case;

16

instead, the employee must show that the company had a duty or reason to consider her for the position. *Jones v. Flagship Intern.,* 793 F.2d 714, 724 (5th Cir. 1986).

The Court finds that Sumrall established her *prima facie* case. *See Medina v. Ramsey Steel Co.,* 238 F.3d 674 (5th Cir. 2001). Boeing has presented evidence that Walters held the position of lead man since 1988. There is no information that the promotion was closely tied to any complaints that Sumrall offered about her job position. Sumrall contends that the poor evaluation she received in June 2000 prohibited her from the promotion. (Pl.'s Resp., p. 12.)

According to the lay-off narrative prepared by Boeing, Sumrall was inflexible as she would not work in other areas. (Ct. R., Doc. 32, Exh. JJ.) She did not make an effort to learn systems outside the computer room and declined an opportunity to move to work in another area within Instrumentation. (*Id.*) Her past performance evaluations showed needed improvement in her ability to work with others and little or no progress was made by Sumrall. (*Id.*) In summary, Sumrall was "assessed as lacking the skills necessary to perform the required multi-task" and was proposed for "redeployment." (*Id.*) The burden of establishing that these reasons were mere pretext for discrimination shifted to Sumrall.

Sumrall's evidence of discrimination consists solely of her subjective belief that she was somehow better qualified for the position that Walters. The mere fact that one person has worked longer than another, does not establish that she is "clearly better qualified" for a position. *Nichols,* 81 F.3d at 42 (quoting *Bodenheimer v. PPG Indus.,* 5 F.3d 955, 959 (5th Cir. 1993)). The evidence supports a finding that the decision not to promote Sumrall was legitimate and non-discriminatory. *Price v. Federal Express Corp.,* 283 F.3d 715, 723 (5th Cir. 2002). Sumrall has failed to establish that the method used in selecting the lead man was motivated by

17

discriminatory considerations, or that she was not promoted because of her age or gender. *Bodenheimer*, 5 F.3d at 957-9. The Court finds that Sumrall failed to present evidence that her age or gender was a motivating factor in the decision to promote someone else. *Allen v. City of Pocahontas, Ark.*, 340 F.3d 551, 557 n.5 (8th Cir. 2003). Evidence that a person has "better education, work experience, and longer tenure with the company do[es] not create an inference or pretext" in a failure to promote case. *Odom v. Frank*, 3 F.3d 839, 847 (5th Cir. 1993). Sumrall failed to present evidence of pretext, therefore, the Court concludes that Boeing's motion for summary judgment on Sumrall's claim of failure to promote should be granted.

D.    <u>Disparate Pay</u>

According to Boeing, Sumrall cannot establish discrimination in connection with her claim of disparate pay. Sumrall claims that the 2001 Salary Plan Report shows that she was nearly the lowest paid person in her section despite her years of service, and contends that she did not receive equal pay with her male counterparts. (Pl.'s Resp., p. 20.) She maintains that Boeing did not adequately address the problem with her merit pay increases in 2001 and 2002. (*Id.*) Boeing presents evidence in which Sumrall states that she could not identify any similarly situated male who received different pay than her. (Ct. R., Doc. 32, Exh. F, p. 90.)

To state a claim of discrimination under the Equal Protection Clause and section 1983, the plaintiff "must allege and prove that she received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an

18

identifiable group." *Taylor,* 257 F.3d at 473; *Priester v. Lowndes County*, 354 F.3d 414, 424

(5th Cir. 2004), *cert denied* 125 S.Ct. 153 (2004). There is no evidence of discriminatory

motive in the differing pay levels, and Sumrall cannot even point to one similarly situated co-

worker who is paid more than she. Sumrall fails to provide any evidence that the differing pay

levels, if any, have anything other than a nondiscriminatory reasons for existing. The mere

existence of differences in pay is not evidence of discrimination. *Wallace v. Texas Tech Univ.*,

80 F.3d 1042, 1048-49 (5th Cir. 1996); *see Pouncy v. Prudential Ins. Co. of Am.,* 668 F.2d 795,

803 (5th Cir. 1982) (listing differing levels of experience as rationale for unequal salaries for

employees performing the same job). The Court concludes that Boeing's motion for summary

judgment on Sumrall's disparate pay claim should be granted.

IV.     Punitive Damage Claims

        Awards for punitive damage claims are recoverable under Title VII, provided the case

involves intentional discrimination. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 252-3 (1994).

"A complaining party may recover punitive damages under this section against a respondent

(other than the government, government agency or political subdivision) if the complaining party

demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices

with malice or with reckless indifference to the federally protected rights of an aggrieved

individual." 42 U.S.C. 1981a. An employer cannot be held liable for punitive damages when it

had been making good faith efforts to enforce an antidiscrimination policy. *Kolstad v. American*

*Dental Ass'n*, 527 U.S. 526, 546 (1999). In this case, because Boeing attempted to work through

Sumrall's allegations of discriminatory treatment, the Court finds no basis for an award of

punitive damages. *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 941 (5th Cir. 1996). The

19

Court, therefore, finds that the motion for summary judgment on Sumrall's punitive damage claim should be granted.

V.   Claim for Intentional Infliction of Emotional Distress

Recovery for a claim of intentional infliction of emotional distress can be had when a plaintiff shows "there is something about the defendant's conduct which evokes outrage or revulsion, done intentionally . . . the result being reasonably foreseeable . . . even though there has been no physical injury." *Sears, Roebuck & Co. v. Devers*, 405 So.2d 898, 902 (Miss. 1981). "The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." *Lawson v. Heidelberg E.*, 872 F. Supp. 335, 338 (N.D. Miss. 1995). "A Mississippi federal court defined the necessary severity as acts so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hatley v. Hilton Hotels Corp.*, 308 F.3d 473, 476 (5th Cir. 2002), quoting *Speed v. Scott,* 787 So.2d 626, 630 (Miss. 2001). Employment disputes including termination generally do not fall within this territory. *Prunty v. Arkansas Freightways, Inc.* 16 F.3d 649, 654-5, *reh'g & reh'g en banc denied* 21 F.3d 1110 (5th Cir. 1994); *Lee v. Golden Triangle Planning & Dev. Dist., Inc.,* 797 So.2d 845, 851 (Miss.2001). A party must prove that the defendant's conduct was "extreme and outrageous" to recover damages for intentional infliction of emotional distress, *Burroughs v. FFP Operating Partners, L.P.,* 28 F.3d 543, 546 (5th Cir.1994). The Court finds that Boeing is entitled to summary judgment on the Plaintiff's claims for intentional infliction of emotional distress because the alleged conduct advanced by Sumrall does not rise to the level contemplated for

recovery of damages for intentional infliction of emotional distress.  *See Nuwer v. Mariner Post-Acute Network*, 332 F.3d 310, 316 (5th Cir. 2003).

Conclusion

For the reasons given above, this Court finds that Boeing's motion for summary judgment [32-1] should be granted.  A separate summary judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date.  Each party shall bear their respective costs associated with this motion.

THIS the 27th day of June, 2005.


/s/      *Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE